O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9/10/11

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present                           Not Present

**Proceedings:** (In Chambers) Order Granting Defendants' Motion to Dismiss and Granting Wachovia's Motion to Expunge

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint and Wachovia's Motion to Expunge. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby GRANTS Defendants' Motion to Dismiss and GRANTS Wachovia's Motion to Expunge.

I.  Background

According to plaintiff Fidel Ayala ("Ayala"), he and his wife, plaintiff Cristina Hernandez ("Hernandez") (collectively, "Plaintiffs"), purchased a single family residence in Oxnard, California in 1996 (the "Property"). At some point in late 2005, defendant World Savings Bank, FSB ("World") contacted Plaintiffs by phone. World offered Plaintiffs a refinancing loan in the amount of $420,000 (the "Loan"), and a home equity line of credit in the amount of $16,000.00 (the "HELOC"). The Loan came with an initial "teaser rate" of 2.750% and had a cap of a maximum rate of 11.950% with negative amortization of the original principal. As far as repayment plans went, World offered Plaintiffs a "Pick a Payment" option, which essentially consisted of four different repayment plans which Plaintiffs, at their discretion, could select: the minimum payment plan; the interest only plan; the fully amortized at 30 years plan; and the fully amortized at 15 years plan.

Ultimately, Plaintiffs accepted World's offer. The parties then memorialized the agreement with an adjustable rate note, which was secured by a deed of trust recorded against

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9/10/11

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

the Property. With respect to repayment options, Plaintiffs selected the minimum payment option, which, according to them, was the option World expected them to pick based on their collective income. Apparently, under that option the negative amortization ended up being so high that in August 2006, less than one year after Plaintiffs entered into this transaction, they had to get another loan of $100,000 "just to keep afloat."

In the end, the negative amortization of the loans continued to cause the Loan to be recast with monthly payments that exceeded Plaintiffs' income. As a result, Plaintiffs allegedly defaulted on the Loan. Subsequent to that, on or about August 25, 2008, defendant Wachovia Mortgage, FSB ("Wachovia") caused to be recorded a Trustee's Deed Upon Sale with the Ventura County Recorder's Office.

Presently, Wachovia, defendant Golden West Savings Association Co. ("Golden West")[1], and defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants") move pursuant to Federal Rules of Civil Procedure 9 ("Rule 9") and 12(b)(6) ("Rule 12(b)(6)") for an order dismissing the Complaint against them. Additionally, Wachovia moves the Court for an order expunging a Notice of Pendency of Action that relates to the Property (the "Notice"), dated October 7, 2008, and recorded by Plaintiffs on October 8, 2008 with the Ventura County Recorder. Neither of these Motions is opposed by Plaintiffs.

II.     Legal Standard

   A.     Rule 9(b) of the Federal Rules of Civil Procedure

Under Rule 9(b), the "circumstances constituting fraud" must be stated with particularity. *See* Fed. R. Civ. P. 9(b). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the claimant pleads evidentiary facts, such as time, place, persons, statements, and explanations of why the statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted) (noting that the pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong"). In addition, plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548; *see also Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir. 1995).

---

[1] According to Defendants, Golden West was the trustee of the deed of trust.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

    B.    <u>Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>

    Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

    In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell,* 14 F. 3d 449, 453 (9th Cir. 1994), *reversed on other grounds*. However, the Court may only consider these documents if their authenticity is not questioned and the complaint either refers to them or necessarily relies upon them. *See id.*; *Parrino v. FHP*, *Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded on unrelated grounds*.

III.    <u>Discussion</u>

    Presently, Defendants move to dismiss the Complaint under Rule 9(b) and Rule 12(b)(6). Wachovia also moves to expunge the Notice of Pendency of Action recorded by Plaintiffs on October 8, 2008 with the Ventura County Recorder. For the reasons that follow, the Court GRANTS these Motions.

    A.    <u>Defendants' Motion to Dismiss</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9/10/11

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

The Court first considers Defendants' Motion to Dismiss, which is brought under Rule 9(b) and Rule 12(b)(6).

As an initial matter, the Court deems Plaintiffs' failure to file an Opposition to be consent to the granting of the Motion. *See* L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). However, while the Local Rules provide an adequate basis for granting the Motion, the Court believes it is prudent to address the merits of Defendants' Motion. This is because Plaintiffs are permitted to file an amended complaint once as "a matter of course." *See* Fed. R. Civ. P. 15(a). Nonetheless, as explained in more detail below, not only would amendment be futile to certain of Plaintiffs' claims, but certain claims are so deficiently pleaded that the Court wishes to draw Plaintiffs' attention to these deficiencies in order to avoid future confusion and waste of finite judicial resources. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation omitted). Thus, for the sake of judicial economy, the Court chooses to consider the merits of the Motion, thereby eliminating any need to address these same issues at a later stage in the proceedings.

        1.        <u>Plaintiffs' First Cause of Action: Slander of Title</u>

Plaintiffs' first cause of action asserts a claim for slander of title which, according to the California Supreme Court, is "best stated as follows: 'One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused.'" *Gudger v. Manton*, 21 Cal. 2d 537, 541 (1943), *disapproved on other grounds* in *Albertson v. Raboff*, 46 Cal. 2d 375, 381 (1956); *see also Howard v. Shaniel*, 113 Cal. App. 3d 256, 262-63, 169 Cal. Rptr. 678 (1980) (citing *Gudger*). In support of their claim for slander of title, Plaintiffs allege, inter alia:

> ¶ 26. WACHOVIA MORTGAGE, purportedly acting as the agent of an unascertained beneficiary of the Deed of Trust for the loan, wrongfully and without privilege, caused a Notice of Default to be recorded against the Property.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

¶ 27.  None of the Defendants, whether jointly or severally, are a beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Property.

Compl. ¶¶ 26-27.  Defendants make two arguments as to why Plaintiffs fail to state a slander of title claim.  First, they argue that this claim is preempted by the Home Owners Loan Act ("HOLA"), 15 U.S.C. § 1641, and its preemptive implementing regulations imposed by the Office of Thrift Supervision ("OTS") at 12 C.F.R. § 560.2 ("§ 560.2").  Second, they contend that the slander of title claim fails because World, who is named as the beneficiary of the loan under the deed of trust, became known as Wachovia when the OTS authorized the name change on January 1, 2008.  Therefore, Wachovia f/k/a World did in fact have a privilege to record a notice of default and proceed to a trustee's sale upon Plaintiffs' alleged default.  Each of these arguments is addressed in turn, beginning first with Defendants' preemption argument.

        a.        <u>Whether Plaintiffs' Claim is Preempted by § 560.2</u>

According to Defendants, Plaintiffs' first claim for slander of title is preempted by § 560.2, which, in pertinent part, provides:

> OTS hereby occupies the *entire* field of lending regulation for federal savings associations.  OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation.  Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . . .

12 C.F.R. § 560.2(a) (emphasis added).  Recently, in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit set forth the analysis that district courts should follow in evaluating whether a state law is preempted under this regulation.  *Id.* at 1005.  First, a court must determine whether the type of law in question, as applied, is listed in § 560.2(b).  *Id.*  If so, the analysis ends because the law is preempted.  *Id.*  However, if the law is not covered by § 560.2(b), the court must ask whether the law affects lending.  *Id.*  If it does, then in accordance with § 560.2(a) a presumption arises that the law is preempted.  *Id.*  This presumption is only reversed if the law can "clearly" be shown to fit within the confines of any of the six categories

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

enumerated in § 560.2(c). *Id.* For these purposes, § 560.2(c) is to be interpreted "narrowly," and any doubt should be resolved in favor of preemption.[2] *Id.*

     Defendants argue that this claim falls within the ambit of § 560.2(b)(9), which preempts state laws purporting to impose requirements regarding "[d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants," 12 C.F.R. § 560.2(b)(9), and § 560.2(b)(10), which preempts state laws purporting to impose requirements regarding "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *Id.* at § 560.2(b)(10). However, the Court disagrees.

     Beginning first with Defendants' assertion that this claim falls within § 560.2(b)(9), clearly this is not the case. This claim turns on allegations that Defendants had no right to cause a notice of default to be recorded against the Property since they were not beneficiaries or assignees of any beneficiary of the deed of trust. *See Compl.* ¶¶ 26-27. It does not, however, relate to Defendants' failure to adequately disclose certain documents. Nor does it relate to any inadequate advertising. Accordingly, § 560.2(b)(9) does not apply.

     This claim also does not fall within § 560.2(b)(10). In *In re Ocwen Loan Servicing, LLC*, 491 F.3d 638 (7th Cir. 2007), the Seventh Circuit clarified the regulatory scheme of § 560.2(b). According to the Seventh Circuit, a review of § 560.2(b) and certain related statutes and regulations indicates at least two things. First, the OTS has "exclusive authority to regulate the savings and loan industry in the sense of fixing fees (including penalties), setting licensing requirements, prescribing certain terms in mortgages, establishing requirements for disclosure of credit information to customers, and setting standards for processing and servicing mortgages." *Id.* at 643. And, second, "OTS's assertion of plenary regulatory authority does not deprive persons harmed by the wrongful acts of savings and loan associations of their basic state common-law-type remedies." *Id.* Thus, in the Seventh Circuit's words, in deciding whether a claim is preempted, it is helpful to ask whether the claim "fall[s] on the regulatory side of the ledger" or "for want of a better term, . . . the common law side." *Id.* at 645.

---

[2] Plaintiffs do not contest Defendants' assertion that Wachovia is a federal thrift subject to HOLA and the OTS regulations.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

The Seventh Circuit's reading of this regulation makes perfect sense in light of the closing remarks of § 560.2(a). Section 560.2(a) states that "federal savings associations may *extend credit* as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their *credit activities*, except to the extent provided in paragraph (c) of this section . . . ." 12 C.F.R. § 560.2(a) (emphasis added). Thus, it appears that § 560.2's sole concern is the extension of credit. Therefore, unless a state law purports to regulate this particular activity, the preemptive force of § 560.2 does not apply.

Upon review, the Court finds that the allegations pertaining to this cause of action indicate that this claim falls more on, as the Seventh Circuit aptly put it, the common law side of the ledger. *In re Ocwen Loan Servicing, LLC*, 491 F.3d at 645. This cause of action challenges the overall lawfulness of the foreclosure proceeding on the ground that Defendants had no legal authority to conduct such a proceeding. It does not, by contrast, challenge the extension of credit to Plaintiffs. Accordingly, the Court concludes that this cause of action does not fall within § 560.2(b).

However, as noted above, a state law may still be preempted even if it is not a type of law listed in § 560.2(b). Indeed, when a law is not covered by § 560.2(b), the court must ask whether the law affects lending. *Silvas*, 514 F.3d at 1005. If so, a presumption arises that the law is preempted, and the preemption can only be reversed it the law can "clearly" be shown to fit within the confines of § 560.2(c). *Id.*

Ultimately, the Court need not analyze whether the law affects the lending operations of Wachovia because, even assuming that it does, the law clearly fits within §560.2(c)(4), which is the category of "tort law." Slander of title is undoubtedly a tort law and, therefore, even assuming that this slander of title claim incidentally affects the lending operations of Wachovia, any presumption of preemption is adequately rebutted by virtue of § 560.2(c)(4).

                b.        <u>Whether Plaintiffs' Claim Fails Because World Became Wachovia</u>

In the alternative, Defendants argue that Plaintiffs' claim fails because Wachovia, by virtue of once being World, was the beneficiary under the deed of trust and, therefore, had a privilege to record a notice of default and proceed to a trustee's sale upon Plaintiffs' alleged default. For the reasons that follow, the Court agrees.

According to Plaintiffs, Defendants are liable for slander of title because "[n]one of the Defendants, whether jointly or severally, are a beneficiary or assignee of any beneficiary of any

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9/10/11

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

Deed of Trust recorded against the Property." *Compl.* ¶ 27. Thus, they argue, since only the beneficiary of a deed of trust (or a beneficiary's assignee or the agent of a beneficiary or its assignees) may cause to be recorded a notice of default or a notice of trustee's sale against real property, *see* Cal. Civ. Code § 2924c, Wachovia did not have the privilege to record the notice of default. However, Defendants have attached documents to their motion that contradict the allegations contained in Plaintiff's Complaint.[3] Specifically, Defendants have attached the Deed of Trust, which indicates that World was the lender and beneficiary under it. *See Defendants' Request for Judicial Notice* ("RJN"), Ex. B. Defendants have also attached a string of documents which, when followed to their logical end, evidence that on January 1, 2008, World did indeed become Wachovia. Thus, contrary to Plaintiffs' arguments otherwise, Wachovia f/k/a World was in fact the beneficiary under the Deed of Trust and, therefore, had the privilege to record a notice of default and proceed to a trustee's sale upon Plaintiffs' alleged default.

Therefore, because Plaintiffs' claim is not supported by the relevant documents, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' first cause of action, with prejudice. *See Branch*, 14 F.3d at 449. Dismissal with prejudice is warranted in this instance because it appears that amendment will be futile. *Lopez*, 203 F.3d at 1130. The terms of the Deed of Trust are clear: Plaintiffs' failure to make timely loan payments gives Wachovia the right to exercise the power of sale and to invoke other such remedies as may be permitted under any applicable law. *See RJN*, Ex. B, at ¶ 28. Plaintiffs admit that they could not pay their loans. *See Compl.* ¶¶ 22-23. Thus, Plaintiffs essentially concede that, at least under the terms of the Deed of Trust, Wachovia had a right to proceed as it did.

          2.       <u>Plaintiffs' Second Cause of Action: Quiet Title</u>

Plaintiffs' second cause of action asserts a claim for quiet title. In order to state a cause of action for quiet title under California law, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Civ. Proc. § 761.020(c). The purpose of the quiet title action is to determine "all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to."

---

[3] Ordinarily, on a motion to dismiss for failure to state a claim, a court may not consider documents outside of the complaint. However, a district court may consider a document if that document's authenticity is not questioned and the plaintiff's complaint necessarily relies on that document. *Parrino*, 146 F.3d at 706. In this case, Plaintiffs' claim necessarily relies on documents that confirm or deny whether Wachovia had a privilege to cause a notice of default to be recorded against the Property. Plaintiffs have not contested the documents submitted by Defendants in support of their argument. Accordingly, the Court may consider them. *Id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

*Newman v. Cornelius*, 3 Cal. App. 3d 279, 284, 83 Cal. Rptr. 435 (1970) (internal citation omitted). Again, Defendants make two arguments as to why this claim fails. First, they contend that it is preempted by § 560.2. Second, they argue that since Plaintiffs have failed to allege their ability to tender their indebtedness, this claim must be dismissed.

Under the analytical framework laid out above, the Court must first determine whether the state law invoked in Plaintiffs' claims, as applied, is the type of state law preempted under § 560.2(b). *Silvas*, 514 F.3d at 1006. According to Plaintiffs, the recordation of the deed of trust and foreclosure of the Property was wrongful and should be voided by virtue of Defendants' fraudulent conduct. *Compl.* ¶ 34. This alleged fraudulent conduct consists of "deceptive advertising promising low rates for just about any type of borrower," despite the lenders "know[ing] that [borrowers] did not have the financial income to support the loan." *Id.* at ¶ 15. Plaintiffs further allege that World set a "trap" for them, in which they "continue[d] to pay the minimum payments even though the loan [was] recast monthly which [meant] they [would] be paying on a principle that is much higher than their original loan once the teaser period comes to an end." *Id.* at ¶ 16.

As is apparent from these allegations, Plaintiffs' second cause of action is premised largely on the alleged unfairness of the terms of credit extended to Plaintiffs and World's allegedly inadequate advertising. Importantly, the "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan," and "[d]isclosure and advertising" are expressly regulated by § 560.2(b). *See* 12 C.F.R. §§ 560.2(b)(4), (9). Therefore, because the state law cause of action for quiet title concerns matters expressly regulated by § 560.2(b), that cause of action is preempted by federal law. *See Silvas*, 514 F.3d at 1006. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' second cause of action, with prejudice.[4]

        3.      <u>Plaintiffs' Third Cause of Action: Injunctive Relief</u>

Plaintiffs' third cause of action asserts a claim for "injunctive relief." Specifically, Plaintiffs allege that Defendants "should be enjoined from in any way proceeding with the foreclosure or removing, evicting, or in any way interfering with Plaintiffs' quiet and exclusive possession and occupancy of the Subject Property whether by private power of sale, an unlawful detainer court action, or otherwise." *Compl.* ¶ 37. According to Plaintiffs, they "have no other

---

[4] Because Defendants' preemption argument entirely disposes of this claim, there is no need to address their remaining arguments relating to this claim.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to [their] interests." *Id.* at ¶ 38. Defendants now move to dismiss this claim on two separate grounds. First, they argue that this claim is preempted by § 560.2(b). Second, they contend that since this claim seeks equitable relief, Plaintiffs' failure to allege that they have the ability to pay their indebtedness precludes them from seeking equitable relief.

Ultimately, the Court need not engage in any extensive analysis of this cause of action. This claim is dependent on the two preceding claims, both of which the Court has dismissed with prejudice. Necessarily, then, because the claims on which this cause of action depends failed, so does this claim. Therefore, the Court GRANTS Defendants' motion to dismiss, without prejudice.[5]

### 4. Plaintiffs' Fourth Cause of Action: Fraud

Plaintiffs' fourth cause of action asserts a claim for fraud and rests on allegations that "Plaintiffs' loan was unconscionable, and that Defendants' representations both express and implied that the loan was viable and that Plaintiffs could in fact make the payments were false . . . ." *Compl.* ¶ 40. Defendants move to dismiss this claim on two alternative grounds. First, they argue that it is preempted by § 560.2(b). Second, they contend that because this claim is not stated with enough specificity, it fails under Rule 9(b). *See* Fed. R. Civ. P. 9(b); *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d at 1548 n. 7 ("Rule 9(b) requires particularity as to the circumstances of the fraud - this requires pleading facts that by any definition *are* 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading.") (emphasis in original).

The Court begins this analysis by first turning to § 560.2(b)(4), which specifically indicates that state laws are preempted if they purport to impose requirements regarding

> [t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan[.]

---

[5] Because Plaintiffs may potentially seek injunctive relief under a variety of legal theories, the Court grants Plaintiffs leave to amend this cause of action.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

12 C.F.R. § 560.2(b)(4). The allegations that the Loan is "unconscionable" and that Defendants should not have extended the Loan on the established terms while they knew that Plaintiffs would be unable to make certain payments clearly concern the "terms of credit." Therefore, because this claim purports to impose requirements regarding the "terms of credit," it is preempted. *See id.*; *Silvas*, 514 F.3d at 1006.

Based on the foregoing, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' fourth cause of action, with prejudice.[6]

> 5. <u>Plaintiffs' Fifth Cause of Action for Negligent Infliction of Emotional Distress and Plaintiffs' Sixth Cause of Action for Negligence</u>

Plaintiffs' fifth cause of action asserts a claim for negligent infliction of emotional distress ("NIED"), and their sixth cause of action asserts a claim for negligence.[7] Plaintiffs' NIED claim rests on allegations that "Defendants knew, or should have known, that their failure to exercise due care in the performance of their duties would cause Plaintiffs severe emotional distress." *Compl.* ¶ 48. In comparison, Plaintiffs' negligence claim rests on allegations that "Defendants breached their duty of care and skill to Plaintiffs in the loan transaction, by among other things, failing to supervise, inducing Plaintiffs to improperly sign documents by means of false representations, suppressions and concealments, failure to counsel, failure to inform and explain, charging excessive, unconscionable fees, and preparing false financial statements." *Id.* at ¶ 53. Defendants make two arguments as to why the Court should dismiss these claims. First, they argue that they are preempted. Second, they contend that they fail because Defendants did not owe a duty of care to Plaintiffs. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095, 283 Cal. Rptr. 53 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.").

Beginning first with Defendants' preemption argument, it is Defendants' position that Plaintiffs' claims fall within at least four of the categories enumerated in § 560.2(b). Specifically, Defendants contend that the following apply: (1) § 560.2(b)(4), which preempts state laws purporting to impose requirements regarding "[t]he terms of credit,"; (2) § 560.2(b)(5), which preempts state laws purporting to impose requirements regarding "[l]oan-

---

[6] As Plaintiffs' fraud claim is preempted, the Court need not address Defendants' remaining arguments.
[7] Due to the similarities of these claims, it is appropriate to address them together.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9/10/11

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

related fees, including without limitation, initial charges, late charges, prepayment penalties, services fees, and overlimit fees"; (3) § 560.2(b)(9), which preempts state laws purporting to impose requirements regarding "[d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants"; and, (4) § 560.2(b)(10), which preempts state laws purporting to impose requirements regarding "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages[.]"

The Court agrees with Defendants. Plaintiffs' NIED claim, like its fraud claim, challenges the terms of the credit extended to them. Thus, it is preempted by § 560.2(b)(4). As for Plaintiffs' negligence claim, that cause of action takes issue with not just the terms of the credit, but also with the allegedly improper disclosures made to Plaintiffs, as well as the imposition of "excessive, unconscionable fees." Thus, that claim is, at the very least, preempted by § 560.2(b)(4), § 560.2(b)(5), and § 560.2(b)(9).

Therefore, because Plaintiffs' NIED and negligence claim are preempted by § 560.2(b), the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' fifth and sixth causes of action, with prejudice.[8]

      6.    <u>Plaintiffs' Seventh Cause of Action: Conspiracy to Violate RICO</u>

Plaintiffs' seventh cause of action asserts a claim for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. This claim rests on allegations that Defendants instituted certain unlawful programs and that they engaged in predatory lending practices, "failed to orally disclose the terms of the transactions and counsel their fiduciaries . . . ." *Compl.* ¶ 59. Defendants presently move to dismiss this claim under two different rules, Rule 12(b)(6) and Rule 9(b).

RICO makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a cause of action under RICO, a plaintiff must allege: (1) conduct (2) of an

---

[8] Because this conclusion entirely disposes of the claims, the Court need not determine whether Defendants owed a duty of care to Plaintiffs.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Defendants argue that, among other things, Plaintiffs fail to properly plead "enterprise." The Court agrees. 18 U.S.C. § 1961(4) defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *See also United States v. Turkette,* 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981) ("The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct."). An enterprise is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. *Id.* The enterprise is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages. *Id.*

Plaintiffs allege that "Defendants,"

> [t]hrough their authorized agents, and by and through their policies that govern their agents and associates, instituted a program of increasing profits by encouraging malicious, egregious, grossly inequitable, willful and deliberate conduct to induce Plaintiffs and other real property owners into unlawfully execute [sic] false loan documents, promissory notes and deeds of trust, that Defendants and their agents engaged in unlawful business practices and predatory lending practices to induce Plaintiffs into executing the aforementioned documents, that Defendants and their agents failed to orally disclose the terms of the transactions and counsel their fiduciaries, that Plaintiffs were induced into executing these instruments by misrepresentations, fraud and deceit, and that there were additional violations of statutory and non-statutory authority in the execution and delivery of these instruments and due to such acts and omissions, the instruments are null and void.

*Compl.* ¶ 59. Plaintiffs further allege that "said Defendants shared a common purpose and engaged in prohibited activities under 18 U.S.C. Sections 1341, 1343, 1503, 1510, and 1511." *Id.* at ¶ 61. Importantly, although Plaintiffs' Complaint identifies four organizations, World, Wachovia, Golden West, and Wells Fargo, it only identifies one organization that is in fact carrying out the allegedly unlawful conduct: Wachovia f/k/a World. Indeed, noticeably absent from Plaintiffs' Complaint are any allegations specific to Golden West and Wells Fargo. And

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

since World became Wachovia on January 1, 2008, *see RJN*, Ex. A, Plaintiffs cannot allege that World and Wachovia are a distinct enterprise since they are in fact the same entity. Consequently, plaintiffs have not properly pled the enterprise element of a RICO claim.

For the foregoing reasons, the Court GRANTS Defendants' Motion to dismiss Plaintiffs' seventh cause of action. Because amendment does not appear futile, the Court grants Plaintiffs' leave to amend.

### 7. Plaintiffs' Eighth Cause of Action: Violations of TILA

Plaintiffs' eighth cause of action asserts a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. In connection with this claim, Plaintiffs seek, inter alia, any statutory or actual damages available under TILA. Defendants, however, believe that this claim for damages is untimely. Accordingly, they now move to dismiss this claim under Rule 12(b)(6).

15 U.S.C. § 1640 allows individuals to recover damages under TILA so long as they bring an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). However, as the Ninth Circuit explained in *King v. California*, 784 F.2d 910 (9th Cir. 1986), although the limitations period in § 1640(e) "runs from the date of consummation of the transaction," "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.* at 915.

In this case, Plaintiffs admit that they consummated the loans in 2005. However, they did not file their Complaint until October 8, 2008. Thus, from the face of the Complaint, it appears that this claim for damages is time-barred. Does, however, the Complaint adequately state a basis for equitable tolling? This question must be answered in the negative. Ordinarily, equitable estoppel requires an allegation of "active conduct by a defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000). Plaintiffs' Complaint makes vague reference to Defendants' failure to make the required material disclosures of the terms of the loans. These allegations, however, are essentially the wrongdoing upon which Plaintiffs' claim is filed. Therefore, following *Santa Maria*, it appears that the Complaint does not, as it stands, state a basis for equitable tolling.

However, at this time the Court cannot say with certainty that Plaintiffs are unable to plead "active conduct" by Defendants above and beyond the wrongdoing upon which their claim

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

is filed. For this reason and in light of the fact that Federal Rule of Civil Procedure 15(a) grants Plaintiffs a right to amend as a "matter of course," the Court believes that dismissal with prejudice would be an overly harsh penalty, at least at this stage in the proceedings. For that reason, the Court GRANTS Defendants' Motion; however, the Court does so without prejudice. If Plaintiffs choose to submit an amended complaint, they are directed to clarify their allegations on the issue of equitable tolling.

        8.     <u>Plaintiffs' Ninth Cause of Action: Violations of RESPA</u>

Plaintiffs' ninth cause of action asserts a claim for violation of the Real Estate Settlement Procedures Act's ("RESPA") prohibition against kickbacks and unearned fees. *See* 12 U.S.C. § 2607. As they did with respect to Plaintiffs' TILA claim, Defendants move to dismiss this claim on the ground that it is time-barred.

Private parties must bring claims for RESPA violations within one year from the "date of the occurrence of the violation." 12 U.S.C. § 2614. Barring extenuating circumstances, "[t]he date of the occurrence of the violation is the date on which the loan closed." *Bloom v. Martin,* 865 F. Supp. 1377, 1386-87 (N.D. Cal. 1994); *aff'd,* 77 F.3d 318 (9th Cir. 1996). As noted above, Plaintiffs filed their Complaint more than one year after they entered into the relevant agreement. Therefore, from the face of the Complaint, this claim is indeed time-barred. However, as was the case with Plaintiffs' TILA claim, the Court believes that dismissal with prejudice is an overly harsh penalty at this stage of the proceedings, especially in light of Plaintiffs' fraud allegations. For that reason, the Court GRANTS Defendants' Motion to Dismiss, but does so without prejudice.[9]

        9.     <u>Plaintiffs' Tenth Cause of Action: Cancellation Based on Fraud and Impossibility of Performance</u>

Plaintiffs' final cause of action seeks to cancel the contracts and loans based on fraud and impossibility of performance. Primarily, this claim rests on allegations that Defendants knew Plaintiffs would be unable to repay the loan when they entered into the transaction with

---

[9]The Ninth Circuit has not taken up the question of whether 12 U.S.C. § 2614 is subject to equitable tolling. *See Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091, 1106 (W.D. Wash. 2007). Thus, it remains to be seen, both as a matter of fact and law, whether Plaintiffs can plead equitable tolling. That analysis is, however, saved for another day.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

Plaintiffs and that Defendants falsified loan application documents. *See Compl.* ¶ 88. Defendants move to dismiss this claim on the ground that it is preempted.

To the extent that this claim is based on allegations that Plaintiffs could not repay the loans because of the terms of the credit extended to them, it is indeed preempted by § 560.2(b)(4), which relates to "terms of credit." However, to the extent that this claim is based on allegations that Defendants "falsified loan application documents," it is not so clear whether this claim is preempted. If Plaintiffs mean that Defendants submitted documents with falsities contained therein to Plaintiffs, then it would appear that Plaintiffs' claim would be preempted by § 560.2(b)(9), which relates to "disclosures." However, if Plaintiffs mean that Defendants, for example, included false information relating to Plaintiffs in the documents without Plaintiffs' permission, then the claim may not be preempted, as that claim seems to fall more on the common law side of the ledger and would clearly fall within § 560.2(c)(4) (tort). *See In re Ocwen Loan Servicing, LLC*, 491 F.3d at 645; 12 C.F.R. 560.2(c).

Because the Complaint is too vague, the Court cannot presently make a determination on this issue. For that reason, to the extent this claim seeks to challenge the terms of credit, the Court GRANTS Defendants' Motion to Dismiss, with prejudice. If Plaintiffs choose to file an amended complaint, they are directed to clarify whether they are challenging the documents submitted by Defendants to them. Nothing in this Order is meant to preclude Defendants from renewing their preemption argument at a later stage in the proceedings.

          10.    <u>Whether to Dismiss the Claims Against Golden West and Wells Fargo</u>

Although not necessary, the Court believes it is prudent to draw Plaintiffs' attention to two glaring deficiencies in their Complaint. The Complaint is asserted against World and Wachovia as well as Golden West and Wells Fargo. However, the Complaint is totally devoid of any charging allegations against either of these latter two defendants. If Plaintiffs choose to file an amended complaint, they are directed to clarify what role, if any, these two defendants had in the allegedly unlawful conduct.

          B.    <u>Defendants' Motion to Expunge</u>

In addition to moving to dismiss Plaintiffs' Complaint, Wachovia also moves to expunge the Notice of Pendency of Action dated October 7, 2008, and recorded by Plaintiffs on October 8, 2008, as Document #20081008-00150933-0 1/7 with the Ventura County Recorder.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

Defendants also request $2,420 in attorney's fees and costs incurred in bringing this Motion to Expunge.

California Code of Civil Procedure section § 405.32 provides that a "court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. § 405.32. Wachovia has challenged the propriety of the Notice of Pendency of Action. Plaintiffs have failed to demonstrate by a preponderance of the evidence the probable validity of the real property claim. Therefore, the Notice of Pendency of Action is EXPUNGED.

Wachovia also requests $2,420 in attorney's fees and costs pursuant to California Code of Civil Procedure section 405.38, which provides that a "court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

In support of this request, Christopher A. Carr ("Carr"), counsel for Wachovia, has submitted a declaration in which he testifies that his billing rate is $300/hour and that Lynette Gridiron Winston, also counsel for Wachovia, bills at $280/hour. *See Carr Decl.* ¶ 2. In light of the Court's familiarity with the hourly rates of like attorneys in this area, the Court finds these rates reasonable.

Carr further testifies that at the time the Motion to Expunge was prepared, Ms. Winston had spent 5.0 hours preparing the Motion, the supporting declarations, and the request for judicial notice. *Id.* The Court finds these hours reasonable and grants Wachovia attorney's fees for these hours worked. However, the Court takes issue with the remainder of Carr's testimony and Wachovia's request. In his declaration, Carr estimates that Ms. Winston would spend another 1.5 hours reviewing any opposition submitted by Plaintiffs and preparing a reply brief. Plaintiffs' improperly filed Opposition contains only one paragraph relating to the Motion to Expunge. Likewise, Defendants' Reply contains only one paragraph relating to the Motion to Expunge. It would be unreasonable to award Wachovia 1.5 hours' worth of fees when its counsel only had to read one paragraph and write another. However, reading oppositions, preparing a response, writing, and proofreading all take time. Therefore, the Court grants Wachovia an extra 0.5 hours, which the Court believes is a reasonable estimate of how much time it took Ms. Winston to read the one paragraph in the improperly filed Opposition and to write an appropriate response.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

Carr also estimates that he would spend 2.0 hours traveling to, and appearing at, the hearing on this Motion. *Carr Decl.* ¶ 2. However, because the Court took this matter under submission, no hearing was held. Therefore, it would be unreasonable to award Carr fees for those two hours.

In summary, the Court awards Defendants $1,540.00 (5.5 hours x $280/hour) in attorney's fees and costs.

IV.   Conclusion

Based on the foregoing, the Court:

1. GRANTS Defendants' Motion to Dismiss Plaintiffs' first cause of action, with prejudice;

2. GRANTS Defendants' Motion to Dismiss Plaintiffs' second cause of action, with prejudice;

3. GRANTS Defendants' Motion to Dismiss Plaintiffs' third cause of action, without prejudice;

4. GRANTS Defendants' Motion to Dismiss Plaintiffs' fourth cause of action, with prejudice;

5. GRANTS Defendants' Motion to Dismiss Plaintiffs' fifth cause of action, with prejudice;

6. GRANTS Defendants' Motion to Dismiss Plaintiffs' sixth cause of action, with prejudice;

7. GRANTS Defendants' Motion to Dismiss Plaintiffs' seventh cause of action, without prejudice;

8. GRANTS Defendants' Motion to Dismiss Plaintiffs' eighth cause of action, without prejudice;

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9/10/11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7683 PSG (JTLx) | Date | May 4, 2009 |
|---|---|---|---|
| Title | Fidel Ayala v. World Savings Bank, FSB | | |

9. GRANTS Defendants' Motion to Dismiss Plaintiffs' ninth cause of action, without prejudice;

10. GRANTS Defendants' Motion to Dismiss Plaintiffs' tenth cause of action, with prejudice, to the extent it seeks to challenge the terms of the credit extended to them;

11. GRANTS Wachovia's Motion to Expunge the Notice of Pendency of Action recorded by Plaintiffs on October 8, 2008, as Document #20081008-00150933-0 1/7 with the Ventura County Recorder; and,

12. GRANTS Wachovia's request for attorney's fees in the amount of $1,540.00.

**IT IS SO ORDERED.**